DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. David A. Sayres, defendant below and appellant herein, entered guilty pleas to: (1) forgery in violation of R.C. 2913.31(A)(1), a fifth degree felony (Case No. 05CA6); and (2) failure to appear in violation of R.C. 2937.29 and 2937.99(A) and (B), a fourth degree felony (Case No. 05CA7).
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT ALIGNING ITS REASONS WITH ITS FINDINGS. T.P.49."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY SENTENCING MR. SAYRES TO NON-MINIMUM CONSECUTIVE SENTENCES BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED TO MR. SAYRES."
 {¶ 3} After appellant entered guilty pleas pursuant to a plea agreement, the trial court conducted a consolidated sentencing hearing. After reviewing appellant's criminal history, the court sentenced appellant to serve nine months for the forgery offense and twelve months for the failure to appear offense, with the sentences to be served consecutively. Appellant filed a timely notice of appeal.
 {¶ 4} In his first assignment of error, appellant asserts that the trial court (1) did not give reasons for its findings that "the sentences imposed are not disproportionate to the seriousness of his conduct and the danger [he] poses to the public;" and (2) did not "provide reasons that clearly align reasons with the findings." See R.C. 2929.14(E)(4);2929.19(B)(2)(c); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 477. Appellee candidly concedes that the trial court did not make the R.C. 2929.14(E)(4) and Comer findings] necessary to impose consecutive sentences.[1]
 {¶ 5} Accordingly, based upon the foregoing reasons we reverse the trial court's judgment and remand for resentencing.[2]
 II. {¶ 6} In his second assignment of error, appellant asserts, citing Blakely v. Washington (2004), 542 U.S., 124 S.Ct. 2531, that the trial court erred in basing his sentence on facts to which he did not admit nor were determined by a jury.
 {¶ 7} Appellee argues, citing various Ohio decisions including decisions issued by the Fourth Appellant District, that Ohio's felony sentencing scheme is not unconstitutional. See, e.g., State v. Ward, Washington App. No. 04CA25, 2005-Ohio-1580. See, also, State v. Scheer, 158 Ohio App.3d 432, 816 N.E.2d 602,2004-Ohio-4792, and State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598.
 {¶ 8} We further note, that appellant's reply brief requests that, in light of appellee's concession that appellant should receive a new sentencing hearing pursuant to appellant's first assignment of error, that his second assignment of error be found to be moot. We accept appellant's invitation in this regard and conclude that his second assignment of error has been rendered moot. See App.R. 12(A).
JUDGMENT REVERSED AND CAUSE REMANDED FOR PROCEEDINGS CONSISTENT WITH THE FOREGOING OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the cause remanded for proceedings consistent with the foregoing opinion. Appellant shall recover of appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Opinion.
McFarland, J.: Concurs in Judgment Only For the Court.
[1] Additionally, appellee asserts that appellant waived this issue because he failed to object to the trial court's failure to make the necessary findings or to impose consecutive sentences. We disagree with appellee. In State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598, (Harsha, J., dissenting in part) we wrote:
"The prosecution asserts that the appellant failed to raise this issue in the trial court and thus waived the issue. The prosecution cites State v. Hornbeck, 155 Ohio App.3d 571,802 N.E.2d 184, 2003-Ohio-6897, for the proposition that this issue should be reviewed under a plain error analysis. See Crim.R. 52(B). In Hornbeck, the trial court also did not specify its reasons on the record and the appellate court found that the lower court's failure to follow Comer was "problematic." Id. at ¶ 15, 793 N.E.2d 473. Nevertheless, the appellant did not raise the issue on appeal and the prosecution argued that the appellate court should not consider it sua sponte. The appellate court agreed and determined that no plain error occurred. The court noted that the trial court included the required findings in its sentencing entry and there was no reason to believe that the trial court would have reached a different conclusion, even in a "Comer compliant" sentencing proceeding. Id. at ¶ 17,793 N.E.2d 473.
In the instant case, the prosecution argues that this case is no different and that we, too, should apply a plain error analysis and reach the same conclusion. We disagree. These two cases are, in fact, very different. We note that the appellant in Hornbeck did not raise the issue on appeal. In the instant case, the appellant raised the issue and it is squarely before us.
We believe that in the instant case it is unwise to apply a plain error analysis for several reasons. First, it appears that this issue was not raised in Comer, but was nevertheless considered by the Ohio Supreme Court. See 99 Ohio St.3d at 465,793 N.E.2d 473. Second, in light of the gist of the Comer ruling (that the language must be recited directly into the transcript) we believe that it is impractical to require a specific objection at the sentencing hearing.
Even the most diligent of defense counsel could easily miss some of the language, much of it lengthy and confusing, that a trial court judge must recite at a sentencing hearing. To determine whether a court recited the correct language requires a sentence by sentence and a word by word review of the transcript. This is not feasible at the trial court sentencing hearing level.
We also point out that, although Comer injects new requirements into criminal sentencing procedure, we are nevertheless bound by that decision and we cannot simply contrive reasons to avoid its application.
Thus, we decline to apply Hornbeck in this instance."
Thus, we adhere to our earlier position that especially in light of the complex nature of felony sentencing, it is impractical to require defendants to lodge a specific objections at sentencing hearings. Thus, we do not believe that the waiver doctrine should generally apply in criminal sentencing hearings.
[2] We also hasten to add that our disposition of this case should not be construed as a comment on the merits of imposing consecutive sentences. Rather, we hold that the trial court did not fully comply with the statutory procedure, which we also find to be needlessly and hopelessly complex and convoluted.