OPINION
{¶ 1} The defendant-appellant, Thomas J. Poppe, appeals a judgment of the Auglaize County Common Pleas Court sentencing him to a term of community control on May 10, 2006. Poppe asserts that the trial court erred in reserving a sentence of five years for a potential violation of his community control sanctions since the court had previously imposed a four-year sentence for the same offense. Finding the issue not ripe for review, we dismiss the appeal.
 {¶ 2} As the result of an altercation with his estranged wife, which occurred on June 15, 2004, Poppe was indicted for domestic violence, in violation of R.C. 2919.25(A); burglary, in violation of R.C.2911.12(A)(4); and resisting arrest, in violation of R.C. 2921.33(A). A jury trial was commenced on the charges, and the jury convicted Poppe of the third-degree felony domestic violence offense, a lesser included fourth-degree misdemeanor offense of criminal trespass, and the second-degree misdemeanor offense of resisting arrest. On October 13, 2004, the trial court sentenced Poppe to four years imprisonment for domestic violence, ten days for criminal trespass, and ninety days for resisting arrest. The court ordered the terms of imprisonment to be served concurrently for a total sentence of four years in prison.
 {¶ 3} Poppe appealed his conviction on substantive grounds, but did not appeal the sentence. Seventeen months later, this court affirmed the conviction on *Page 3 
the substantive grounds set forth; however, because Poppe had been sentenced to more than the minimum term, we vacated his sentence and remanded the case for resentencing pursuant to the mandate in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. State v.Poppe, 3rd Dist. No. 2-04-40, 2006-Ohio-1994. TheFoster decision was rendered only a short time prior to our decision in Poppe's original appeal.
 {¶ 4} While not germane to our consideration of the issues herein, we note that during the pendency of his original appeal, Poppe was granted early judicial release from his four-year sentence and was placed on community control supervision. Poppe subsequently violated the community control sentence; however, the trial court re-sentenced him to community control.
 {¶ 5} Pursuant to the remand, the trial court conducted a new sentencing hearing for Poppe on May 10, 2006. This time, the trial court sentenced Poppe to a five-year term of community control and reserved a five-year sentence as a potential sanction for a community control violation. Therefore, Poppe was potentially subject to an additional year of incarceration from the sentence initially imposed by the court. The trial court expressed no justification for the increase in the potential sentence. The trial court did, however, invite trial counsel, on the record, to appeal this sentence because he felt that these resentencings needed appellate clarification "as to whether or not the Judge can do that." *Page 4 
 {¶ 6} It is from this judgment that Poppe appeals, setting forth one assignment of error for our review.
 Assignment of Error The trial court erred to the substantial prejudice of the defendant-appellant during his resentencing hearing of May 10, 2006, by notifying the defendant-appellant of the court's intention to increase the term of prison (upon an eventual community control violation) to a maximum of five (5) years even though the court had previously imposed a sentence of four (4) years at the time of Defendant's original sentencing on October 13, 2004, and had previously notified defendant of four (4) years at the time of Defendant's June 2, 2005 judicial release from prison and his subsequent resentencing to continued community control on September 14, 2005.
 {¶ 7} At the outset, we have some concern about the remarks of the trial court at the May 10, 2006 sentencing hearing in which the court appears to actively encourage the defendant to appeal his sentence. In our view, a dialogue of this nature from the sentencing judge, even though only pertaining to a reserved sentence, inevitably runs the risk of calling into question whether the sentence ultimately imposed is based upon legitimate factors involving the conduct of the defendant, or is instead based solely upon the trial court's desire, expressed on the record, to obtain clarification by the court of appeals as to the parameters of a new Supreme Court interpretation of the sentencing statutes. The latter rationale, of course, being understandable but entirely improper, would no doubt compel a *Page 5 
reversal and remand for resentencing were we convinced any trial court had relied upon it.
 {¶ 8} Fortunately, in this instance, the trial court specifically noted that the increase in the reserved sentence from four years to five years was also due to Poppe's criminal record and the fact that he had violated community control sanctions after the court granted judicial release. Having expressed this caveat, we will address the issues set forth in the appeal.
 {¶ 9} In his assignment of error, Poppe asserts that because his original sentence of four years was imposed and he commenced serving that sentence, the potential addition of another year constitutes placing him in jeopardy twice for the same offense. Poppe cites no authority to support this contention, which ignores the fact that Supreme Court of Ohio's decision in Foster rendered Poppe's prior sentence void.
 {¶ 10} Trial courts retain the authority to correct void sentencing orders, State v. Garretson (2000), 140 Ohio App.3d 554, 559,748 N.E.2d 560, provided that the defendant has not served out the term of his sentence. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126,844 N.E.2d 301, at ¶ 28-29. Because this matter was pending on appeal at the time Foster was decided, the sentence, being contrary to law, was determined to be void by the Supreme Court. Foster, at ¶ 103-104. To correct an illegal sentence, a trial court must do so in open court at a *Page 6 
resentencing hearing. State v. Heath (Sept. 30, 1997), 6th Dist. No. L-97-1099, unreported; Crim.R. 43. A resentencing hearing must follow all of the procedural requirements of an original sentencing hearing. R.C. 2929.19. A resentencing in this manner does not violate a defendant's constitutional guarantee against double jeopardy since jeopardy does not attach to a void sentence. State v. Beasley (1984),14 Ohio St.3d 74, 75, 471 N.E.2d 774.
 {¶ 11} The State contends that the issue presented herein is not ripe for review by this court. The ripeness doctrine generally prevents "courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs v. Gardner (1967),387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681, overruled on other grounds in Califano v. Sanders (1977), 430 U.S. 99, 97 S.Ct. 980,51 L.Ed.2d 192. The basic premise of the ripeness doctrine is that the judicial process should be reserved for problems that are real or present and imminent, not squandered on problems that are abstract, hypothetical, or remote. State ex rel. Elyria Foundry Co. v. Indus.Comm., 82 Ohio St.3d 88, 89, 1998-Ohio-366, 694 N.E.2d 459.
 {¶ 12} There is some confusion as to when a sentence reserved for a potential violation of a community control sanction is ripe for review. Courts have held that where the trial court clearly states in its sentencing entry that a felony prison sentence has been imposed (in contrast to a direct sentence to community *Page 7 
control sanctions, where the prison term is mentioned as a mere possibility), the sentence must be appealed immediately to preserve any errors associated with the imposed prison term. See State v. Vlad,153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246; State v. Johnson, 6th Dist. No. L-04-1120, 2005-Ohio-319.
 {¶ 13} Also, a Blakely[1] or Foster challenge to a sentence that includes a community control sanction represents an allegation of a "fundamental flaw" in the sentencing process. See State v. Willis, 5th Dist. No. 05 CA 42, 2005-Ohio-6947, at ¶ 20. Therefore, a defendant must raise such a challenge in an appeal from the original sentencing entry, rather than by appealing from a subsequent revocation entry. State v. Gibson, 5th Dist. No. 05 COA 032, 2006-Ohio-4052.
 {¶ 14} However, this court, as well as others, has consistently held that an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation. InState v. Greer (Dec. 1, 1999), 3rd Dist. No. 14-99-26, unreported, the defendant asserted that the trial court erred when it advised her that she would be sent to prison for eighteen months if she violated community control when the maximum sentence the trial court could impose for her offense would be twelve months. In Greer, we relied upon Elyria Foundry in finding the assignment of error not ripe for review. See also State v. Brown (Mar. *Page 8 
22, 2001), 8th Dist. No. 77875, unreported; State v.Miller (Dec. 30, 1999), 5th Dist. No. 1999 AP 02 0010, unreported; State v. Ogle, 6th Dist. No. WD-01-040, 2002-Ohio-860; State v. Trussel, 153 Ohio App.3d 83, 2003-Ohio-2933,790 N.E.2d 1252, at ¶ 18; State v. Adams, 2nd Dist. No. 2003-CA-15, 2004-Ohio-3784.
 {¶ 15} In Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14,257 N.E.2d 371, the Supreme Court told us that "* * * it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." To address an issue prematurely would have the effect of rendering an advisory opinion on potential issues. State v. Bistricky (1990), 66 Ohio App.3d 395, 397,584 N.E.2d 75.
 {¶ 16} In this case, the trial court clearly and unequivocally sentenced Poppe to a five-year term of community control in the sentencing judgment of May 10, 2006. Poppe was merely notified that if the conditions of community control are violated, that the court may impose a prison term of five years, plus post release control time. *Page 9 
 {¶ 17} If Poppe violates his community control sanctions, a subsequent sentencing hearing would need to be conducted. See State v. Marvin,134 Ohio App.3d 63, 67-69, 1999-Ohio-811, 730 N.E.2d 401; State v.Brown, 136 Ohio App.3d 816, 821, 2000-Ohio-1660, 737 N.E.2d 1057. See also R.C. 2929.15. Thus, we are constrained from giving advice concerning a potential controversy that may never occur. If, and when, Poppe is sentenced to a term of incarceration for violation of his community control sanctions, he can appeal that sentencing order on the grounds set forth herein or any other grounds.
 {¶ 18} Accordingly, we hereby dismiss Appellant's appeal as not being ripe for review. Pursuant to App.R. 24(A)(1), it is ordered that Appellant pay the costs of this appeal.
Appeal Dismissed.
[1] Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. *Page 1