DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals from the sentence imposed by the Washington County Common Pleas Court as a result of his guilty plea to trafficking in marijuana, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1) (C)(3)(a). As a result of his plea of guilt, Appellant was sentenced to serve a term of twelve months in prison, a period of post-release control, and was ordered to pay the costs of prosecution. On appeal, Appellant asserts that the trial court erred by imposing court costs without notifying him that *Page 2 
failure to pay court costs may result in the court ordering him to perform community service pursuant to R.C. 2947.23. The State candidly agrees with Appellant and states that the matter must be remanded for resentencing. However, because we conclude that the issue is not ripe for adjudication, we overrule Appellant's sole assignment of error and affirm the decision of the trial court.
 FACTS {¶ 2} On March 14, 2008, Appellant pled guilty to trafficking in marijuana, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1) (C)(3)(a). A sentencing hearing was held on April 24, 2008, and on April 28, 2008, the trial court sentenced Appellant to a prison term of twelve months, to be served consecutively with the sentence Appellant was already serving as a result of another conviction, as well as period of post release control. Additionally, Appellant was ordered to pay the costs of prosecution and his license was suspended for a period of five years. It is from this sentence that Appellant now brings his timely appeal, assigning a single error for our review.
 ASSIGNMENT OF ERROR
"I. THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING APPELLANT THAT FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT ORDERING HIM *Page 3 
TO PERFORM COMMUNITY SERVICE PURSUANT TO R.C. 2947.23."
 LEGAL ANALYSIS {¶ 3} In his sole assignment of error, Appellant contends that the trial court erred by imposing court costs without notifying him that failure to pay court costs may result in the court ordering him to perform community service, as required by R.C. 2947.23(A)(1)(a). The State does not dispute Appellant's argument and agrees that the matter must be remanded for resentencing. For the following reasons, we disagree with both Appellant and the State.
 {¶ 4} A review of the record reveals that the trial court did in fact order Appellant to pay costs. R.C. 2947.23, Judgment for costs and jury fees; community service upon failure to pay, provides as follows:
(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit *Page 4 
rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.
 {¶ 5} A review of the transcript confirms that while the trial court ordered Appellant to pay costs, it did not notify him that if he failed to do so, he could be required to perform community service, as provided by R.C. 2947.23(A)(1)(a). Although the Supreme Court of Ohio has addressed sentencing errors somewhat similar to the one before us, we have found no cases directly on point which specifically deal with the failure to notify a defendant of the possibility of the imposition of community service if he or she fails to pay court costs as ordered. For instance, in State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197,884 N.E.2d 568, the Court addressed a trial court's failure to impose the nondiscretionary sanction of postrelease control, holding that "such sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." In State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Court addressed a trial court's imposition of community control without giving the statutorily required notification that a prison term could be imposed in the event of a violation of community control. In Brooks, the Court reasoned that when such required notifications are not supplied at sentencing and when an offender appeals after a prison term is imposed for a violation of community *Page 5 
control, the matter must be remanded to the trial court for resentencing, without the option of a prison term. Brooks at 142.
 {¶ 6} Here, unlike the facts in Simpkins, supra, the trial court did not fail to impose a nondiscretionary sanction. Rather, it did, in fact, impose the nondiscretionary payment of court costs. Instead, and much like the case in Brooks, supra, it simply failed to supply the statutorily required notifications with respect to the imposition of such costs. Thus, we believe that the case sub judice is more akin to the facts of Brooks than Simpkins. However, we still draw a distinction.
 {¶ 7} As set forth above, Brooks dealt with a situation where a community control violation had already taken place. Thus, the issue was properly before the court and was ripe for review. Here, although we agree with Appellant that R.C. 2947.23 makes it mandatory for the judge to inform a defendant that he could be ordered to perform community service, at this time, Appellant has not suffered any prejudice from the trial court's failure to inform him that it may, in the future, require him to perform community service to fulfill his obligation to pay costs. Thus, we conclude that the issue is not ripe for adjudication. State v.Ward, 168 Ohio App.3d 701, 714, 2006-Ohio-4847, 861 N.E.2d 823
(declining to address identical issue because it was not properly raised, and also because the appellant had suffered no *Page 6 
prejudice as a result of error and matter was not ripe for adjudication). Further, should Appellant, at some point in future, fail to pay costs as ordered, the trial court, much like the Brooks court, would not have the option of imposing community service, as it failed to inform Appellant of this possibility at his sentencing hearing.
 {¶ 8} Accordingly, we overrule Appellant' sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.