[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals from the sentence imposed by the Washington County Common Pleas Court as a result of his guilty plea to aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1)(2) (B). As a result of his plea of guilt, Appellant was sentenced to serve a nine year prison term, a period of post-release control, and was ordered to pay the costs of prosecution, as well as make restitution to the victim. On appeal, Appellant asserts that the trial court erred by imposing court costs *Page 2 
without notifying him that failure to pay court costs may result in the court ordering him to perform community service pursuant to R.C. 2947.23. The State disagrees, arguing that although the trial court ordered costs, it did not render judgment against Appellant for costs, and also argues that because Appellant failed to object to the error at the time of sentencing, he has waived the argument on appeal. Because we conclude that the issue is not ripe for adjudication, we overrule Appellant's sole assignment of error and affirm the decision of the trial court.
 FACTS {¶ 2} On March 13, 2008, Appellant pled guilty to aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1)(2) (B). A sentencing hearing was held on May 14, 2008, and on May 29, 2008, the trial court sentenced Appellant to a nine year term of imprisonment, as well as a period of post release control. Additionally, Appellant was ordered to pay the costs of prosecution, restitution to the victim and an assessment fee. It is from this sentence that Appellant now brings his timely appeal, assigning a single error for our review.
 ASSIGNMENT OF ERROR "I. THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING APPELLANT THAT FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT ORDERING HIM *Page 3 
TO PERFORM COMMUNITY SERVICE PURSUANT TO R.C. 2947.23."
 LEGAL ANALYSIS {¶ 3} In his sole assignment of error, Appellant contends that the trial court erred by imposing court costs without notifying him that failure to pay court costs may result in the court ordering him to perform community service, as required by R.C. 2947.23(A)(1)(a). The State disputes Appellant's argument and asserts instead that because the trial court merely ordered costs of prosecution, but did not render judgment for court costs, that the State would not be able to pursue costs against Appellant, let alone order community service in the event the costs are not paid. The State further argues that Appellant, by failing to complain of the error at sentencing, waived the argument on appeal. For the following reasons, we disagree with both Appellant and the State.
 {¶ 4} We begin by addressing the State's waiver argument. The State initially asserts that because Appellant failed to object to the alleged error at his sentencing hearing, he has waived the error on appeal. We disagree. We have previously held that an appellant may raise sentencing errors on appeal even if not raised during the sentencing hearing. See,State v. Berry, Scioto App. No. 04CA2961, 2006-Ohio-244, reversed on other grounds by In re Ohio Criminal Sentencing Statutes,109 Ohio St.3d 518, 2006-Ohio-3254, 849 N.E.2d 985 *Page 4 
(adhering to precedent based upon the reasoning that "[t]o determine whether a court recited the correct language requires a sentence by sentence and a word for word review of the transcript"), citingState v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598; State v.Sayres, Washington App. Nos. 05CA6 and 05CA7, 2005-Ohio-5813 at ¶ 4; see, also, State v. Casey, Miami App. No. 19940, 2004-Ohio-1017
at ¶ 122 (stating "[w]e * * * have never required a defendant to object to the sentence imposed by the court as a condition of raising a sentencing error on appeal."); citing State v. Carson, Greene App. No. 2002-CA-73,2003-Ohio-5958, at ¶ 33. Thus, despite Appellant's failure to object to the alleged sentencing error during his sentencing hearing, he has not waived the issue on appeal.
 {¶ 5} Further, the State seems to assert that the trial court "only ordered costs of prosecution," rather than rendering judgment for court costs, and therefore would not be able to order community service in the event Appellant fails to pay as ordered. In making this assertion, the State seems to be arguing that the trial court's inclusion in its sentencing entry of a provision ordering Appellant to pay the costs of prosecution fails to satisfy the requirement of rendering judgment against Appellant for court costs, *Page 5 
arguing that there are no records to reflect that there is a judgment on file for court costs against Appellant. We disagree.
 {¶ 6} As explained in State v. Threatt, 108 Ohio St.3d 277,2006-Ohio-905, 843 N.E.2d 164, "[i]n all criminal cases, costs must be included in the sentencing entry. R.C. 2947.23(A). The clerk of courts is responsible for generating an itemized bill of the court costs. R.C. 2949.14. However, even if the itemized bill is ready at the time of sentencing, `the specific amount due is generally not put into a judgment entry.' State v. Glosser, 157 Ohio App.3d 588, 2004-Ohio-2966,813 N.E.2d 1, ¶ 27 (Edwards, J., concurring). Therefore, a typical sentencing entry, like the one that sentenced Threatt, assesses only unspecified costs, with the itemized bill to be generated at a later date."
 {¶ 7} Further, we are not persuaded by the State's argument that there exists some distinction between a trial court assessing or ordering costs of prosecution to be paid and rendering judgment for court costs. See, State v. Christy, Wyandot App. No. 16-04-04, 2004-Ohio-6963
(reasoning that although R.C. 2927.23 "does not define the term `costs of prosecution,' we conclude after review that the term means `court costs' in a criminal case."). Thus, we are not persuaded by either of the State's arguments. Accordingly, we conclude that Appellant has not waived the right to raise sentencing *Page 6 
errors on appeal. We further conclude that the trial court properly assessed court costs in accordance with R.C. 2947.23(A).
 {¶ 8} We now move our attention to Appellant's sole assignment of error. A review of the record reveals that the trial court did in fact order Appellant to pay costs. R.C. 2947.23, Judgment for costs and jury fees; community service upon failure to pay, provides as follows:
 (A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
 (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
 (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.
 {¶ 9} A review of the transcript confirms that although the trial court ordered Appellant to pay costs, it did not notify him that if he failed to do so, he could be required to perform community service, as provided by R.C. 2947.23(A)(1)(a). We recently considered an identical argument as that raised sub judice in State v. Slonaker, Washington App. No. 08CA21, 2008-Ohio-7009. *Page 7 
In Slonaker, we noted that "[a]lthough the Supreme Court of Ohio has addressed sentencing errors somewhat similar to the one before us, we have found no cases directly on point which specifically deal with the failure to notify a defendant of the possibility of the imposition of community service if he or she fails to pay court costs as ordered." For instance, in State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197,884 N.E.2d 568, the Court addressed a trial court's failure to impose the nondiscretionary sanction of postrelease control, holding that "such sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." In State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Court addressed a trial court's imposition of community control without giving the statutorily required notification that a prison term could be imposed in the event of a violation of community control. In Brooks, the Court reasoned that when such required notifications are not supplied at sentencing and when an offender appeals after a prison term is imposed for a violation of community control, the matter must be remanded to the trial court for resentencing, without the option of a prison term. Brooks at 142. *Page 8 
 {¶ 10} Here, unlike the facts in Simpkins, supra, the trial court did not fail to impose a nondiscretionary sanction. Rather, it did, in fact, impose the nondiscretionary payment of court costs. Instead, and much like the case in Brooks, supra, it did not supply the statutorily required notifications with respect to the imposition of such costs. Thus, we believe that the case sub judice is more akin to the facts ofBrooks than Simpkins. However, we still draw a distinction.
 {¶ 11} As set forth above, Brooks dealt with a situation where a community control violation had already taken place. Thus, the issue was properly before the court and was ripe for review. Here, although we agree with Appellant that R.C. 2947.23 makes it mandatory for the judge to inform a defendant that he could be ordered to perform community service, at this time, Appellant has not suffered any prejudice from the trial court's failure to inform him that it may, in the future, require him to perform community service to fulfill his obligation to pay costs. Thus, we adhere to our prior reasoning set forth in Slonaker and conclude that the issue is not ripe for adjudication. Slonaker, at ¶ 7 (concluding issue not ripe for adjudication); See, also, State v.Ward, 168 Ohio App.3d 701, 714, 2006-Ohio-4847, 861 N.E.2d 823
(declining to address identical issue because it was not properly raised, and also because the appellant had suffered no prejudice as a result of *Page 9 
error and matter was not ripe for adjudication). Further, should Appellant, at some point in future, fail to pay costs as ordered, the trial court, much like the Brooks court, would not have the option of imposing community service, as it did not inform Appellant of this possibility at his sentencing hearing. Slonaker, supra.
 {¶ 12} Accordingly, we overrule Appellant' sole assignment of error and affirm the judgment of the trial court.
JUDGEMENT AFFIRMED *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Only.
Harsha, J.: Dissents. *Page 1