[Cite as *State v. Kearse*, 2009-Ohio-4111.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                    CASE NO. 17-08-29

   v.

SAMUEL KEARSE,                         O P I N I O N

   DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 08CR000252

**Judgment Affirmed**

**Date of Decision:  August 17, 2009**

APPEARANCES:

   *Katherine A. Szudy* **for Appellant**

   *Jeffrey J. Beigel* **for Appellee**

**PRESTON, P.J.**

{¶1}  Defendant-appellant, Samuel Kearse (hereinafter "Kearse"), appeals the judgment of the Shelby County Court of Common Pleas sentencing him to two four-year prison terms and imposing court costs.  For the reasons that follow, we affirm.

{¶2}  On August 29, 2008, Kearse pled guilty to two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree.  On November 10, 2008, the trial court sentenced Kearse to two four-year prison terms, which were to be served consecutively for an aggregate term of eight years.  In addition, the trial court ordered Kearse to pay court costs.

{¶3}  Kearse now appeals and raises three assignments of error.  Because of the nature of his assignments of error, we will address his first and third assignments together.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING MR. KEARSE THAT HIS FAILURE TO PAY SUCH COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE. (NOVEMBER 10, 2008 SENTENCING TRANSCRIPT, P. 8; NOVEMBER 10 2008 JUDGMENT ENTRY OF SENTENCE).**

**ASSIGNMENT OF ERROR NO. III**

**THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. KEARSE DUE PROCESS OF LAW WHEN IT**

**IMPOSED COURT COSTS WITHOUT THE PROPER NOTIFICATION THAT MR. KEARSE'S FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION; R.C. 2947.23; CRIM.R. 52(B). (SEPTEMBER 15, 2008 SENTENCING TRANSCRIPT, PP. 22-23; OCTOBER 3, 2008 JUDGMENT ENTRY OF SENTENCE) [SIC].**

**{¶4}** In his first and third assignments of error, Kearse argues that the trial court erred when it failed to notify him that his failure to pay court costs could result in the court's ordering him to perform community service. Kearse claims that the trial court was required to give him this notice pursuant to R.C. 2947.23. In addition, Kearse cites two cases from the Court of Appeals for the Fourth District, which have dealt with this issue, but have reached different conclusions. Despite the different resolutions in the Fourth District, Kearse is asking this Court to vacate the judgment and remand for re-sentencing.

**{¶5}** The State admits that the trial court erred by failing to provide Kearse with notice as required by R.C. 2947.23(A)(1). Moreover, the State acknowledges the validity of the remedies that have been applied to this issue, but argues that the trial court's error does not mean that the obligation to pay the court costs is invalid. Instead, the State claims that the failure to adhere to R.C. 2947.23 simply prohibits the trial court from applying the penalties set forth therein at a later date.

{¶6} R.C. 2947.23 governs the imposition of court costs and, in pertinent part, provides:

**(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate *shall notify the defendant of both of the following*:**

**(a)    If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.**

**(b)    If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.**

(Emphasis added).  A review of the record confirms that, even though the trial court imposed court costs, it did not notify Kearse that his failure to pay court costs could result in the trial court imposing community service on him.  (Nov. 10, 2008 Tr. at 7-9); (Nov. 10, 2008 JE).  While we agree that the trial court was required to give Kearse notice of its potential power to impose community service for his failure to pay court costs pursuant to R.C. 2947.23, we do not believe that this issue is properly before this Court to review.  The ripeness doctrine generally prevents "courts, through avoidance of premature adjudication, from entangling

themselves in abstract disagreements." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681, overruled on other grounds in *Californo v. Sanders* (1977), 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192. The basic premise of the ripeness doctrine is that the judicial process should be reserved for problems that are real or present and imminent, not utilized on problems that are abstract, hypothetical, or remote. *State ex rel. Elyria Foundry Co. v. Indus. Comm.* (1998), 82 Ohio St.3d 88, 89, 694 N.E.2d 459.

{¶7} Here, the trial court clearly and unequivocally imposed court costs on Kearse as part of his sentence, but it failed to notify him that *if in the future* he fails to pay his court costs, then it *may* impose community service. (Nov. 10, 2008 Tr. at 8); (Nov. 10, 2008 JE at A-2). Kearse asks this Court to base its ruling on conduct that has yet to happen and on an option that may not be exercised by the trial court, in the event that this conduct occurs. Thus, we are constrained from rendering an opinion concerning a potential controversy that may never occur. See *State v. Poppe*, 3d Dist. No. 2-06-23, 2007-Ohio-688, ¶¶14-18 (finding an appeal of reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation).

{¶8} We note that even though the Ohio Supreme Court has yet to rule on this specific sentencing error, there are two cases that may appear to lead to the conclusion that a sentencing error of this kind should result in the remand and

resentencing of the defendant (as Kearse argues). Nevertheless, we find those cases distinguishable.

{¶9} In *State v. Simpkins*, the Ohio Supreme Court was presented with the issue of whether a defendant can be re-sentenced when the trial court imposes a term of imprisonment but fails to include the statutorily required post-release control. 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶5. In its analysis, the Ohio Supreme Court stated that, "in the circumstances in which the judge disregards what the law clearly commands, such as when a judge fails to impose a nondiscretionary sanction required by a sentencing statute, the judge acts without authority." Id. at ¶21, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774. As a result, the Court held that the sentence had to be vacated and remanded the case for re-sentencing. Id. at ¶22.

{¶10} In addition, in *State v. Brooks*, the Ohio Supreme Court had to determine the effect of when a trial court imposes community control but fails to give a defendant notice of the specific prison term reserved in the event of a community control violation. 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶4. The Court held that when there is a failure to notify the defendant of the specific prison term, and the defendant then appeals the imposition of a prison term after a violation of his community control, "the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Id. at ¶33 (footnote omitted).

**{¶11}** First of all, unlike the case in *Simpkins*, here the trial court did impose the nondiscretionary sanction (court costs); rather, it only failed to notify Kearse of its power to exercise its discretion and impose community service in the event of his failure to pay the court costs. Therefore, this situation is more similar to the issue presented in *Brooks*. Given the fact that the trial court did impose the mandatory sanction of court costs on Kearse, we find the Court's resolution in *Simpkins* not dispositive. See, also, *State v. Boice*, 4th Dist. No. 08CA24, 2009-Ohio-1755, ¶¶9-10; *State v. Slonaker*, 4th Dist. No. 08CA21, 2008-Ohio-7009, ¶¶5-6. However, even though this case and *Brooks* involved the issue of a trial court's failure to give notice when notice was required, we still find *Brooks* distinguishable. In *Brooks*, the Court ruled on the issue regarding the failure to give notice after there had been a hearing on a community control violation and the reserved term of imprisonment had been imposed. *Brooks*, 2004-Ohio-4647, at ¶3. Thus, the issue in *Brooks* was properly before the Court and it was ripe for review. Here, there has yet to be a second hearing regarding Kearse's failure to pay his court costs, because Kearse has not failed to pay his court costs at this time. See, also, *Boice*, 2009-Ohio-1755, at ¶¶9-11; *Slonaker*, 2008-Ohio-7009, at ¶¶5-7. Therefore, any holding by this Court would be speculative and based on assumptions.

**{¶12}** We also note that the Court of Appeals for the Twelfth District, and more particularly the Fourth District, have been the only districts thus far to rule

on this exact issue;[1] however, as acknowledged by both parties and illustrated below, there is an obvious variation in the outcomes of the Fourth District cases. In *State v. Slonaker*, the Fourth District acknowledged that R.C. 2947.23 requires the trial court to notify the defendant that he could be ordered to perform community service if he fails to pay his court costs. 2008-Ohio-7009, at ¶7, citing *State v. Ward*, 168 Ohio App.3d 701, 2006-Ohio-4847, 861 N.E.2d 823, ¶¶38-41 (finding that although the issue had not been properly raised in his appellate brief, the issue was still not ripe for adjudication because defendant had not suffered any prejudice). Nevertheless, the court reasoned that the defendant had "not suffered any prejudice from the trial court's failure to inform him that it may, in the future, require him to perform community service to fulfill his obligation to pay costs." Id. Therefore, the court concluded that the matter was not ripe for adjudication and affirmed the judgment of the trial court. Id.

{¶13} The Fourth District was again presented with the same issue in *State v. Burns*, 4th Dist. Nos. 08CA1, 08CA2, 08CA3, 2009-Ohio-878. Once again the trial court had failed to notify the defendant that it could impose community service for his failure to pay his court costs. Id. at ¶¶11-12. However, this time instead of declining to address the defendant's assignment of error as being not

---

[1] In *State v. Nutter*, the Twelfth District followed the Fourth District's holding in *Boice* and *Slonaker* and found that because the appellant had yet to fail to pay his court costs, the issue of the trial court's failure to notify him of its power to impose community service was not ripe for review. 12th Dist. No. CA2008-10-009, 2009-Ohio-2964, ¶¶12-13.

ripe for adjudication, the court sustained the defendant's assignment of error and remanded the case for re-sentencing. Id. at ¶12. The court addressed its previous use of the ripeness doctrine in a footnote, and stated:

> **Appellee counters that appellant has not been prejudiced by the trial court's failure to inform her that she may be required to perform community service to pay those costs as such an order has not yet been entered. In dicta, Judge Kline noted this "ripe[ness] issue in *Ward*, 2006-Ohio-4847, at ¶41, 168 Ohio App.3d 701, 861 N.E.2d 823. But, carried to its logical conclusion, *reductio ad absurdum*, no failure to inform someone of this provision would ever be appealable because they would not be prejudiced unless some time in the future. Further, it is also possible that someone ordered to pay such costs once they are out of prison may, while still in prison, find the prospect of community service so distasteful that they decide to liquidate assets or somehow obtain funds to pay those court costs.**

Id. at ¶12, fn.3.

{¶14} Nevertheless, in April of 2009, the Fourth District returned to its original reasoning in *Slonaker*. *State v. Boice*, 4th Dist. No. 08CA24, 2009-Ohio-1755. Again, the trial court had failed to notify the defendant that his failure to pay court costs could result in the trial court imposing community service. Id. at ¶¶8-9. The Fourth District found that the defendant had not yet suffered any prejudice from the trial court's failure to inform him that it could impose community control if he, in the future, failed to pay his court costs. Id. at ¶11. Without discussing its prior decision in *Burns*, the Fourth District held, "we adhere

to our prior reasoning set forth in *Slonaker* and conclude that the issue is not ripe for adjudication." Id. at ¶11, citing *Slonaker*, 2008-Ohio-7009, at ¶7.[2]

**{¶15}** We agree with the Fourth District's use of the ripeness doctrine in *Slonaker* and *Boice* and find it dispositive that the court has returned to its original reasoning. Kearse's appeal requires this Court to speculate on an event that has yet to occur (Kearse's failure to pay court costs) and to consider a potential consequence that may or may not be imposed (the discretionary imposition of community service). Therefore, based on the above, we find that the issue is not ripe for adjudication.

**{¶16}** Kearse's first and third assignments of error are, therefore, overruled.

### ASSIGNMENT OF ERROR NO. II

**TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF COURT COSTS, AS THE TRIAL COURT DID NOT NOTIFY MR. KEARSE THAT HIS FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE. (NOVEMBER 10, 2008 SENTENCING TRANSCRIPT, P. 8; NOVEMBER 10 2008 JUDGMENT ENTRY OF SENTENCE).**

---

[2] More recently in June of 2009, the Fourth District again reaffirmed its original holding in *Slonaker*. *State v. Welch*, 4th Dist. No. 08CA29, 2009-Ohio-2655, ¶¶13-14.

**{¶17}** In his second assignment of error, Kearse argues that his trial counsel was ineffective for failing to object when the trial court imposed court costs without notifying him that his failure to pay costs could result in the court ordering him to perform community service. However, because this assignment of error is based on the resolution of whether the trial court erred in failing to notify him that his failure to pay court costs could result in imposing community service, we find that his ineffective assistance of trial counsel argument is also not ripe for adjudication. See *Boice*, 2009-Ohio-1755, at ¶11; *Slonaker*, 2008-Ohio-7009, at ¶7.

**{¶18}** Kearse's second assignment of error is, therefore, overruled.

**{¶19}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed.***

**ROGERS and SHAW, J.J., concur.**

**/jnc**