[Cite as *State v. Owsley*, 2024-Ohio-387.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

AUSTIN R. OWSLEY,

    DEFENDANT-APPELLANT.

CASE NO. 2-23-09

**O P I N I O N**

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2020-CR-23

Appeal Dismissed

Date of Decision:  February 5, 2024

APPEARANCES:

    *Nicholas A. Catania* **for Appellant**

    *Benjamin R. Elder* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Austin R. Owsley ("Owsley") appeals the judgment of the Auglaize County Court of Common Pleas, alleging that the trial court erred in reserving a sentence for a potential community control violation. For the reasons set forth below, this appeal from the judgment of the trial court is dismissed.

*Facts and Procedural History*

{¶2} On March 19, 2020, Owsley pled guilty to two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1) as fourth-degree felonies. On May 26, 2020, he was sentenced to five years of community control. The trial court informed Owsley that it could order him to serve two seventeen-month prison terms concurrently if he violated the terms of his community control.

{¶3} On July 14, 2021, Owsley admitted to violating the terms of his community control and was sentenced to five years of community control. The trial court informed Owsley that it could order him to serve two eighteen month prison terms consecutively if he violated the terms of his community control.

{¶4} On August 5, 2021, Owsley appealed his sentence, arguing that the trial court erred by reserving a longer term of imprisonment at his July 15, 2021 hearing than was reserved at his original May 26, 2020 sentencing hearing. He noted that

the reserved term of imprisonment went from concurrent, seventeen-month prison terms to consecutive, eighteen-month prison terms.

{¶5} On December 27, 2021, this Court issued a decision and "held that an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation." (Doc. 129), quoting *State v. Poppe*, 3d Dist. Auglaize No. 2-06-23, 2007-Ohio-688, ¶ 14. As the reserved prison terms had not been imposed, this Court found his sole assignment of error was not ripe for review and dismissed his appeal. *State v. Owsley*, 3d Dist. Auglaize No. 2-21-13, 2021-Ohio-4561, ¶ 7.

{¶6} On July 21, 2023, Owsley admitted to violating the terms of his community control and was sentenced to five years of community control. The trial court informed Owsley that it could order him to serve two eighteen-month prison terms consecutively if he violated the terms of his community control.

*Assignment of Error*

{¶7} Owsley filed his notice of appeal on August 17, 2023. On appeal, he raises the following assignment of error:

> **The trial court imposed a prison sentence contrary to law when it imposed a sentence longer than that which the trial court stated it could impose at the original sentencing hearing.**

He points out that the trial court reserved a longer term of imprisonment at his July 21, 2023 hearing than was reserved at his original May 26, 2020 sentencing hearing.

*Legal Standard*

**{¶8}** "In order to be justiciable, a controversy must be ripe for review." *State v. Eitzman*, 3d Dist. Henry No. 7-21-03, 2022-Ohio-574, ¶ 43, quoting *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26.

> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

*State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459, 460 (1998). "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4.

*Legal Analysis*

**{¶9}** At this juncture, we have no way of knowing whether the reserved sentence that is challenged in this appeal will ever be imposed. This eventuality is dependent on several events—Owsley committing a community control violation and the trial court responding by imposing a prison sentence—that may never occur. Given these uncertainties,

> this court, as well as others, has consistently held that an appeal of a reserved sentence of imprisonment that is part of a sentence of

> community control is not ripe until an actual sentencing order imposes the prison term for community control violation.

*Poppe*, *supra*, at ¶ 14. *See State v. Ogle*, 6th Dist. Wood No. WD-01-040, 2002 WL 313386, *4 (Mar. 1, 2002); *State v. Daniel*, 11th Dist. Trumbull No. 2014-T-0044, 2015-Ohio-3826, ¶ 9. "If, and when, [Owsley] is sentenced to a term of incarceration for violation of his community control sanctions, he can appeal that sentencing order on the grounds set forth herein * * *." *Owsley*, *supra*, at ¶ 6, quoting *Poppe, supra,* at ¶ 17. Since the reserved prison sentence is only a possibility that rests on contingent events that may never occur, we conclude that this assignment of error is not ripe for review. *Owsley* at ¶ 7.

### Conclusion

**{¶10}** Having found that the particulars assigned and argued are not ripe for review, the appeal from the judgment of the Auglaize County Court of Common Pleas is hereby dismissed.

***Appeal Dismissed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**