# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240647<br>TRIAL NO. B-2203417 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| JOHN DOD, | : | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The appeal is dismissed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/14/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Dod*, 2025-Ohio-1723.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240647 |
| | | TRIAL NO. B-2203417 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| JOHN DOD, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: May 14, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Schuh & Goldberg, LLP*, and *Brian T. Goldberg*, for Defendant-Appellant.

**Zayas, Judge.**

{**¶1**}   John Dod appeals from the trial court's judgment continuing him on community control after a probation violation.  Dod contends that the trial court's notification that any future violations may result in an aggregate prison term of four years violated his due-process rights.

## Factual Background

{**¶2**}   In March 2023, John Dod pled guilty to one count of violating a protection order, a fifth-degree felony, and one count of burglary, a third-degree felony.  The trial court sentenced Dod to three years of intensive supervision probation and notified him that if he violated community control, the court would impose a sentence of 12 months on the protection-order violation, and 36 months on the burglary, to be served consecutively for an aggregate term of 48 months.

{**¶3**}   After a second community-control violation, the court continued Dod on community control and ordered him to complete a program at River City.  The court notified him that if he violated community control, the court would impose a sentence of 12 months.

{**¶4**}   A few days later, another community-control violation was filed after Dod was unsuccessfully discharged from River City.  Again, the court continued his community control and ordered him to complete the Talbert House long-term program.  Dod was notified that the court would impose a sentence of 12 months on the protection-order violation, and 36 months on the burglary, to be served consecutively, for any future violations.

{**¶5**}   Dod appeared before the court a few weeks later requesting placement in another program that would allow him to work and visit his children while enrolled in the program. *See State v. Dod*, 2024-Ohio-4807, ¶ 5 (1st Dist.).  The court suggested

that he pursue Veteran's Court. *Id.* The court treated his rejection of the Talbert House placement as a community-control violation, but the court never informed Dod of the violation or made a finding that Dod violated his community control. *Id.* at ¶ 12.

**{¶6}** A few weeks later, after determining that Dod was ineligible for Veteran's Court, the court sentenced him to prison for an aggregate term of 36 months. *Id.* at ¶ 6. Dod appealed, and this court reversed the trial court's judgment and vacated the sentence, holding that the court lacked jurisdiction to modify the sentence. *See id.* at ¶ 11-13.

**{¶7}** On remand, the trial court continued Dod on community control and ordered him to complete the River City program. The court informed him that if he failed to successfully complete the program, violated any law, or left the state without permission, he would be in violation of his community control. The court warned Dod that it would impose a prison sentence for any future violation consisting of 12 months on the protection-order conviction, to be served consecutively to a 36-month term on the burglary conviction, for an aggregate term of 48 months.

**{¶8}** Dod appeals arguing that the court violated his due-process rights by imposing a longer potential sentence for any future violations than the 36-month prison term it had previously imposed for a community-control violation. Dod contends that after his sentence was vacated by this court, the trial court vindictively notified him that a future violation could result in an aggregate 48-month prison term.

**{¶9}** As a preliminary matter, this court must first determine whether this issue is ripe for review. This court and several appellate courts have held that a potential future sentence for a community-control violation is not ripe for review until a prison term is imposed. *See State v. Wilson*, 2007-Ohio-6339, ¶ 4-6 (1st Dist.); *State*

*v. Poppe*, 2007-Ohio-688, ¶ 14 (3d Dist.) ("an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation"); *State v. Daniel*, 2015-Ohio-3826, ¶ 9 (11th Dist.), citing *Poppe* at ¶ 14 ("Ohio appellate courts have consistently held that 'an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation.'"); *State v. Wilson*, 2006-Ohio-3541, ¶ 8 (5th Dist.) ("this Court has held that appeals challenging potential periods of incarceration for violation of community control sanctions are not ripe until an actual sentencing order imposes a prison term for such violation"); *State v. Williams*, 2014-Ohio-725, ¶ 15 (2d Dist.) ("when a trial court imposes a sentence of community control with a reserve prison sentence, an appeal of the prison sentence does not become ripe until after a defendant actually violates community control"); *State v. Ellis*, 2003-Ohio-2243, ¶ 12-15 (4th Dist.) (party lacks authority to appeal sentence that may be imposed for a future community-control violation "because the issues or claims she raises are not yet justiciable"); *State v. Ogle*, 2002-Ohio-860, *12 (6th Dist.) ("This court concludes that the issue raised by appellant is not yet ripe for review, as appellant has not yet been found to have violated his community control sanctions.").

{¶10} Accordingly, Dod's claim is not ripe for review until after Dod violates his community control and a prison term is imposed, and we must dismiss the appeal.

Appeal dismissed.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.