The STATE of Ohio, Appellee,

v.

MOSS, Appellant.

[Cite as *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 09AP6.

Decided March 19, 2010.

Laina Fetherolf–Jordan, Hocking County Prosecuting Attorney, and William L. Archer Jr., Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Assistant Public Defender, for appellant.

Per Curiam.

{¶ 1} Robert L. Moss appeals the judgment of the Hocking County Court of Common Pleas, which ordered Moss to pay restitution and court costs as part of his sentence for complicity to burglary. On appeal, Moss contends that the trial court committed plain error by ordering him to pay $1,476 in restitution to the victim's insurance company. Because R.C. 2929.18(A)(1) does not permit restitution to third parties, we agree. Next, Moss contends that the trial court erred when it ordered him to pay restitution without first considering Moss's ability to pay. Because the trial court considered a presentence investigation report, which contained information about Moss's financial status, we disagree. Next, Moss contends that the trial court erred by not informing him that community service could be imposed if Moss failed to pay his court costs. Because R.C. 2947.23(A)(1) requires a trial court to provide this information, we agree. Finally, Moss contends that he received ineffective assistance of counsel. We disagree. First, the failure to raise meritless issues does not constitute ineffective

assistance of counsel. And second, Moss has done nothing to demonstrate the unreliability of the trial court's restitution findings. Accordingly, we affirm in part and vacate in part the judgment of the trial court.

I

{¶ 2} On July 3, 2008, Moss and two co-conspirators participated in a burglary. Either Moss or one of his co-conspirators entered the victim's home and stole various items, including a flat-screen television, a video-game console, a diamond tennis bracelet, and some DVDs. The estimated value of the stolen merchandise was $3,323.

{¶ 3} Later that day, the Circleville Police Department responded to an automobile accident involving Moss, who was traveling in the same car as his co-conspirators. The police arrived at the accident scene, where they found Moss and his co-conspirators to be under the influence of drugs. Shortly thereafter, the police discovered property that was stolen during the burglary of the victim's home. It is not entirely clear how much of the victim's property the police found at the accident scene, what condition the property was in, or how much of the stolen property was returned to the victim.

{¶ 4} As a result of these events, a Hocking County Grand Jury returned a two-count indictment against Moss. The indictment included the following charges: (1) burglary, a second-degree felony, in violation of R.C. 2911.12(A)(2), and (2) theft, a fifth-degree felony, in violation of 2913.02(A)(1). However, pursuant to a plea agreement, Moss subsequently pleaded guilty to one count of complicity to burglary, a third-degree felony, in violation of R.C. 2923.03(A)(2) and 2911.12(A)(3). The trial court deferred Moss's sentencing until after the preparation of a presentence investigation report ("the report").

{¶ 5} The report was later completed, and it discusses the details of the underlying crime as well as Moss's criminal history, educational background, employment record, financial condition, and physical and mental health.

{¶ 6} At the beginning of Moss's sentencing hearing, the trial court judge stated that the trial court had accepted Moss's guilty plea and "referred the matter for the preparation of a presentence investigation report. That report has been completed, reviewed by the Court and so the Court is going to proceed with the sentencing hearing at this time." The trial court sentenced Moss to four years in prison. And based on information contained in the report, the trial court ordered Moss to pay $1,000 in restitution to the victim and $1,476 in restitution to the victim's insurance company. Further, the trial court ordered Moss to pay court costs at the rate of $15 per month. The trial court journalized Moss's sentence in a December 29, 2009 judgment entry of sentence ("the entry").

{¶ 7} Moss filed his notice of appeal on February 2, 2009, and we subsequently granted Moss's motion for leave to file a delayed appeal. In his appellate brief, Moss asserts the following four assignments of error: I. "The trial court committed plain error when it ordered Mr. Moss to pay $2,476.00 in restitution without considering his present and future ability to pay the restitution as required by R.C. 2929.19(B)(6)." II. "The trial court committed plain error when it ordered Mr. Moss to pay $1,476.00 in restitution to a third-party insurance company, in contravention of R.C. 2929.18(A)(1)." III. "The trial court erred by imposing court costs without notifying Mr. Moss that failure to pay court costs may result in the court's ordering him to perform community service." IV. "Trial counsel rendered ineffective assistance of counsel in violation of Mr. Moss's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution."

## II

{¶ 8} For ease of analysis, we will address Moss's assignments of error out of order. In his second assignment of error, Moss contends that the trial court committed plain error by ordering him to pay $1,476 in restitution to the victim's insurance company.

{¶ 9} Because Moss did not object to the restitution order in the proceedings below, he has forfeited all but plain error. Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights. "Inherent in the rule are three limits placed on reviewing courts for correcting plain error." *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 15. "First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." Id. at ¶ 16, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. We will notice plain error "only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, at paragraph three of the syllabus. And "[r]eversal is warranted only if the outcome of the trial clearly would have been different absent the error." *State v. Hill* (2001), 92 Ohio St.3d 191, 203, 749 N.E.2d 274.

{¶ 10} The state has conceded Moss's second assignment of error, and we agree. "R.C. 2929.18(A)(1) allows a court to order an offender to make restitution to the victim of the offender's crime based on the amount of the victim's economic loss." *State v. Bryant,* Scioto App. No. 08CA3258, 2009-Ohio-5295, 2009

WL 3166641, at ¶ 7.  However, this court has held that "under the current version of R.C. 2929.18(A)(1), 'trial courts are no longer permitted to award restitution in criminal cases to third parties, including insurance carriers.'" *State v. Haney,* 180 Ohio App.3d 554, 2009-Ohio-149, 906 N.E.2d 472, at ¶ 29, quoting *State v. Baltzer,* Washington App. No. 06CA76, 2007-Ohio-6719, 2007 WL 4374407, at ¶ 41.  See also *State v. Smith,* Washington App. No. 07CA25, 2008-Ohio-142, 2008 WL 160922, at ¶ 4.  For example, in *Haney,* we found that the trial court committed plain error by ordering a criminal defendant to pay restitution to the victims' insurance companies.  *Haney* at ¶ 30.  Similarly, in *Smith,* we concluded that "the trial court committed plain error in ordering [the defendant] to pay restitution to [an insurance company] and the Ohio Victims of Crime Fund."  *Smith* at ¶ 5.  Therefore, in the present case, we conclude that the trial court committed plain error by ordering Moss to pay $1,476 in restitution to the victim's insurance company.

{¶ 11} Accordingly, we sustain Moss's second assignment of error.  We hereby vacate the portion of the entry that orders Moss to pay $1,476 in restitution to the insurance company.

## III

{¶ 12} In his first assignment of error, Moss contends that the trial court erred when it ordered him to pay restitution without first considering Moss's present and future ability to pay that restitution.  The trial court ordered Moss to pay a total of $2,476 in restitution—$1,000 to the victim and $1,476 to the victim's insurance company.  In resolving Moss's second assignment of error, we vacated the order of restitution to the victim's insurance company.  Therefore, all that remains is the $1,000 order of restitution to the victim, and our resolution of Moss's first assignment of error applies only to this remaining amount of restitution.  Further, we once again note that Moss has forfeited all but plain error because he did not object to the restitution order in the proceedings below.

{¶ 13} "Before ordering an offender to pay restitution, R.C. 2929.19(B)(6) requires a court to consider the offender's present and future ability to pay the amount of the sanction or fine.  When, however, a trial court imposes a financial sanction without any inquiry into the offender's present and future means to pay, the failure to make the requisite inquiry constitutes an abuse of discretion. * * *  Obviously, the better practice is for a trial court to explain on the record that it considered an offender's financial circumstances.  However, we have consistently held that a trial court need not explicitly state in its judgment that it considered a defendant's ability to pay a financial sanction.  Rather, courts look to the totality of the record to see if this requirement has been satisfied.  * * * Thus, a court complies with Ohio law if the record shows that the court

considered a [pre-sentence investigation report] that provides all pertinent financial information regarding an offender's ability to pay restitution." *Bryant,* 2009-Ohio-5295, 2009 WL 3166641, at ¶ 7. See also *State v. Henderson,* Vinton App. No. 07CA659, 2008-Ohio-2063, 2008 WL 1914805, at ¶ 7 ("We have explained that the trial court complies with R.C. 2929.19(B)(6) when the record shows that the court considered a pre-sentence investigation report that provides pertinent financial information regarding the offender's ability to pay restitution").

{¶ 14} Here, the trial court referred to the report on the record. At Moss's sentencing hearing, the trial court judge stated that the report had been reviewed by the court. The report discusses Moss's educational history, employment history, physical and mental health, and financial condition. See *Henderson* at ¶ 7. Furthermore, the report states that Moss has a long history of working for painters, including in 2007 and 2008. Based on this information, it was reasonable for the trial court to conclude that Moss could eventually pay the restitution order. "Therefore, the record supports the conclusion that the trial court sufficiently considered [Moss's] present and future ability to pay restitution." Id. The trial court did not commit any error, let alone plain error, in relation to R.C. 2929.19(B)(6).

{¶ 15} Accordingly, we overrule Moss's first assignment of error and uphold the portion of the entry that orders Moss to pay $1,000 in restitution to the victim.

## IV

{¶ 16} In his third assignment of error, Moss contends that the trial court erred by not informing him that community service could be imposed if Moss failed to pay his court costs. Our review of a trial court's felony sentence involves two steps. See *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; see also *State v. Moman,* Adams App. No. 08CA876, 2009-Ohio-2510, 2009 WL 1505586, at ¶ 6 (involving a community-control violation). First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first prong is satisfied, we then review the trial court's decision under an abuse-of-discretion standard. Id.

{¶ 17} R.C. 2947.23(A)(1) provides: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the *judge or magistrate shall notify the defendant of both of the following:* (a) If the defendant fails to pay that judgment or

fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule. (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount." (Emphasis added.) We have held that trial courts must provide criminal defendants with the information contained in R.C. 2947.23(A)(1). *State v. Moore,* Gallia App. No. 09CA2, 2009-Ohio-5732, 2009 WL 3493045, at ¶ 6, citing *State v. Welch,* Washington App. No. 08CA29, 2009-Ohio-2655, 2009 WL 1600469, at ¶ 14; *State v. Boice,* Washington App. No. 08CA24, 2009-Ohio-1755, 2009 WL 989179, at ¶ 9; *State v. Burns,* Gallia App. Nos. 08CA1, 08CA2, and 08CA3, 2009-Ohio-878, 2009 WL 485374, at ¶ 12; *State v. Slonaker,* Washington App. No. 08CA21, 2008-Ohio-7009, 2008 WL 5451361, at ¶ 7; *State v. Ward,* 168 Ohio App.3d 701, 2006-Ohio-4847, 861 N.E.2d 823, at ¶ 41.

{¶ 18} Here, the state concedes that the trial court did not provide the required R.C. 2947.23(A)(1) information to Moss. Thus, the question is: What is the effect of the trial court's error? In the past, we have often held that such an error is not ripe for review. For example, in *Moore,* we stated the following: "But at the time of the filing of this appeal, [the defendant] remained incarcerated. He has not yet been ordered to perform community service for failure to pay court costs. Consistent with our previous rulings on this matter, we hold that [the defendant's] assignment of error is not ripe for review. * * * [The defendant] has suffered no prejudice from the trial court's failure to inform him that it may, in the future, require him to perform community service to fulfill his obligation to pay costs. Thus, we conclude that the issue is not ripe for adjudication." *Moore,* 2009-Ohio-5732, 2009 WL 3493045, at ¶ 7. See also *State v. Knauff,* Adams App. No. 09CA881, 2009-Ohio-5535, 2009 WL 3360085, at ¶ 4–5; *Welch,* 2009-Ohio-2655, 2009 WL 1600469, at ¶ 14; *Bryant,* 2009-Ohio-5295, 2009 WL 3166641, at ¶ 11; *Slonaker,* 2008-Ohio-7009, 2008 WL 5451361, at ¶ 7. Here, Moss has been incarcerated throughout this appeal. Therefore, if we were to follow the foregoing line of cases, we would find that Moss's third assignment of error is not ripe for review.

{¶ 19} However, this court has varied in its application of the ripeness doctrine to situations like the present case. See generally *State v. Kearse,* Shelby App. No. 17–08–29, 2009-Ohio-4111, 2009 WL 2489242, at ¶ 12–15 (discussing the Fourth Appellate District's varied application of the ripeness doctrine). This court explicitly rejected a ripeness argument in *Burns,* wherein we stated that

"carried to its logical conclusion, *reductio ad absurdum,* no failure to inform someone of [R.C. 2947.23(A)(1)] would ever be appealable because they would not be prejudiced until some time in the future." *Burns,* 2009-Ohio-878, 2009 WL 485374, at ¶ 12, fn. 3. Furthermore, Judges Harsha and Abele have often dissented from this court's application of the ripeness doctrine to situations related to R.C. 2947.23(A)(1). See, e.g., *Moore,* 2009-Ohio-5732, 2009 WL 3493045, at ¶ 8 (Harsha, J., dissenting); *Welch,* 2009-Ohio-2655, 2009 WL 1600469, at ¶ 16 (Harsha, J., dissenting); *Slonaker,* 2008-Ohio-7009, 2008 WL 5451361, at ¶ 9 (Harsha, J., dissenting); *Knauff,* 2009-Ohio-5535, 2009 WL 3360085, at ¶ 7–8 (Abele, J., dissenting); *Bryant,* 2009-Ohio-5295, 2009 WL 3166641, at ¶ 13–14 (Abele, J., dissenting); *State v. Throckmorton,* Highland App. No. 08CA17, 2009-Ohio-5344, 2009 WL 3213500, at ¶ 62–63 (Abele, J., dissenting).

{¶ 20} We agree with *Burns* and the various dissents of Judges Harsha and Abele. Therefore, we find that Moss's third assignment of error is ripe for review.

{¶ 21} Here, the trial court was required to inform Moss that community service could be imposed if he failed to pay court costs. Such a notification is mandatory; it is not a matter of discretion. Therefore, under the first prong of the *Kalish* test, we find that this part of the sentence is clearly and convincingly contrary to law. Consequently, we do not address the second prong of the test.

{¶ 22} Accordingly, we choose to follow *Burns* and, thereby, sustain Moss's third assignment of error. We vacate the portion of the entry that imposes court costs and remand this case to the trial court for resentencing as to the issue of court costs. See *Burns,* 2009-Ohio-878, 2009 WL 485374, at ¶ 12, 14; *State v. Dansby,* Tuscarawas App. No. 08 AP 06 0047, 2009-Ohio-2975, 2009 WL 1763679, at ¶ 21–23.

V

{¶ 23} In his fourth assignment of error, Moss contends that he received ineffective assistance of counsel for various reasons related to the order of restitution.

{¶ 24} " 'In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness.' " *State v. Countryman,* Washington App. No. 08CA12, 2008-Ohio-6700, 2008 WL 5265679, at ¶ 20, quoting *State v. Wright* (Dec. 6, 2001), Washington App. No. 00CA39, 2001 WL 1627643; *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155–156, 524 N.E.2d 476, certiorari denied *Hamblin v. Ohio* (1988) 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550. To secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient[,] * * * "

which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "that the deficient performance prejudiced the defense* * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. See also *Countryman* at ¶ 20. "Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements." *State v. Hall*, Adams App. No. 07CA837, 2007-Ohio-6091, 2007 WL 3407172, at ¶ 11, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶ 205.

{¶ 25} First, Moss argues that his trial counsel should have objected to the order of restitution to the insurance company. Here, our resolution of Moss's second assignment of error renders this particular argument moot. We have already vacated the portion of the entry that orders Moss to pay $1,476 in restitution to the victim's insurance company.

{¶ 26} Second, Moss argues that his trial counsel should have raised the issue of whether the trial court had considered Moss's present and future ability to pay restitution. As we found in our resolution of Moss's first assignment of error, the trial court complied with this duty by considering the relevant information in the report. Therefore, any objection based on the failure to consider Moss's present and future ability to pay would have been without merit, and "[d]efense counsel's failure to raise meritless issues does not constitute ineffective assistance of counsel." *State v. Ross*, Ross App. No. 04CA2780, 2005-Ohio-1888, 2005 WL 928531, at ¶ 9. See also *State v. Norman*, Ross App. Nos. 08CA3059 and 08CA3066, 2009-Ohio-5458, 2009 WL 3261258, at ¶ 69.

{¶ 27} Finally, Moss argues that his trial counsel should have requested a hearing and inquired into the proper amount of restitution. An order of restitution must be "based on the victim's economic loss." R.C. 2929.18(A)(1). Here, the trial court found the proper amount of restitution to be $2,476. The trial court judge said that as indicated in the report, "the loss in terms of property was $2,476, a thousand dollar deductible, $1,476 being paid by the insurance company." We have vacated the order of restitution to the insurance company, leaving Moss to pay just $1,000 in restitution to the victim. And on appeal, Moss has done nothing to demonstrate that the trial court's $1,000 finding is unreliable. We can only speculate that $1,000 may be an inappropriate figure, and mere "[s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel." *State v. Cromartie*, Medina App. No. 06CA0107–M, 2008-Ohio-273, 2008 WL 216352, at ¶ 25, citing *State v. Downing*, Summit App. No. 22012, 2004-Ohio-5952, 2004 WL 2535422, at ¶ 27.

See also *State v. Leonard,* Athens App. No. 08CA24, 2009-Ohio-6191, 2009 WL 4050254, at ¶ 68.

{¶ 28} Accordingly, for the foregoing reasons, we overrule Moss's fourth assignment of error.

## VI

{¶ 29} In conclusion, we affirm in part and vacate in part the judgment of the trial court. We affirm the portion of the entry that orders Moss to pay $1,000 in restitution to the victim. However, the trial court committed plain error by ordering Moss to pay restitution to a third party. Therefore, we vacate the portion of the entry that orders Moss to pay $1,476 in restitution to the victim's insurance company. Finally, the trial court erred by not informing Moss that community service could be imposed if he failed to pay court costs. Therefore, we also vacate the portion of the entry that imposes court costs and remand this cause to the trial court with the instruction to resentence Moss as to the imposition of court costs.

Judgment affirmed in part
and vacated in part,
and cause remanded.

ABELE, J., concurs.

KLINE, J., concurs as to assignments of error one, two, and four and dissents as to assignment of error three.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

{¶ 30} Although the partial dissent contends that the sentencing issue in assignment of error III is not ripe for review, I fail to see how this can be true in light of the holding and rationale in *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, and *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. Both of those cases indicate that the failure of the trial court to impose any statutorily mandated term of sentence renders it void. *Simpkins* at the syllabus and ¶ 20–22; *Jordan* at ¶ 23–26. Such a sentence is contrary to law and must be vacated, and the trial court must resentence the defendant according to law. *Simpkins* and *Jordan.* Thus, I fail to see how we can disregard the illegal sentence imposed on Moss by simply saying it is not ripe for review when, in fact, we must declare it void and order the trial court to correct it. *Simpkins* at ¶ 23.

{¶ 31} Nor do I believe that the failure to provide the statutorily mandated notice can be distinguished from a failure to impose the costs of prosecution. Both the imposition of costs and the notice are mandated by specific statutory language. Thus, any attempt to ignore the failure to give the notice on the basis that it is not a sanction or a statutorily mandated term would be pure sophistry in my view. Moreover, the Supreme Court of Ohio concluded in *Jordan* that a trial "court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence." Id. at ¶ 26. That rationale applies here as well.

{¶ 32} Finally, any attempt to argue that, like most sentencing errors, this one is not jurisdictional also must fail, because it occurred in the context of a court's failure to impose a sentence as required by law. *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 13. Any "sentence that does not contain a statutorily mandated term is a void sentence." Id. at ¶ 14, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774.

{¶ 33} Faced with the fact that the trial court's sentence is void and the duty to remand the matter to the trial court for resentencing, I cannot conclude that we must await some future course of conduct before declaring the obvious and unavoidable result.

KLINE, Judge, concurring in part and dissenting in part.

{¶ 34} I concur in judgment and opinion as to Moss's first, second, and fourth assignments of error. However, I respectfully dissent as to the resolution of Moss's third assignment of error. Based on our recent decisions in *Knauff, Welch, Bryant,* and *Slonaker,* I would find that Moss's third assignment of error is not ripe for review.