[Cite as *State v. Dismukes*, 2011-Ohio-2193.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA35 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Jerry Dismukes, | : | |
| | | **RELEASED 04/13/2011** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

John A. Bay, Columbus, Ohio, for appellant.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio.

_____

Harsha, P.J.

{¶1}   Jerry Dismukes appeals from his sentence upon being found guilty of the assault of a corrections officer.  In October 2010, the court sentenced Dismukes to twelve months of incarceration and ordered him to pay court costs.  However, the trial court failed to advise Dismukes that if he failed to pay court costs, the court could order him to perform community service.  Thus, we strike the imposition of court costs from Dismukes' sentence.

{¶2}   On appeal, Dismukes assigns three errors:

ASSIGNMENT OF ERROR I

The trial court erred by imposing court costs without notifying Mr. Dismukes that his failure to pay such costs may result in the court's ordering him to perform community service.  (September 22, 2010 Sentencing Hearing Transcript, p. 292; October 7, 2010 Journal Entry).

ASSIGNMENT OF ERROR II

Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's imposition of court costs, as the trial court did not notify Mr. Dismukes that his failure to pay court costs may result in the court's ordering him to perform community service. (September 22, 2010 Sentencing Hearing Transcript, p. 292; October 7, 2010 Journal Entry).

ASSIGNMENT OF ERROR III

The trial court committed plain error and denied Mr. Dismukes due process of law when it imposed court costs without the proper notification that his failure to pay court costs may result in the court ordering him to perform community service. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution; R.C. 2947.23; Crim.R. 52(B). (September 22, 2010 Sentencing Hearing Transcript, p. 292; October 7, 2010 Journal Entry).

**{¶3}** R.C. 2947.23(A)(1)(a) requires trial courts to inform defendants that if they fail to pay court costs, they may be ordered to perform community service. The state concedes that the court failed to provide Dismukes with this warning.

{¶4}    We have reviewed this issue in a line of cases where one panel of this court has held that until the state has released the defendant from prison, the defendant has failed to pay court costs, and the court has ordered him or her to perform community service, the issue was not yet ripe for appellate review.  See *State v. Welch,* Washington App. No. 08CA29, 2009-Ohio-2655, at ¶14; *State v. Boice,* Washington App. No. 08CA24, 2009-Ohio-1755, at ¶11; *State v. Slonaker,* Washington App. No. 08CA21, 2008-Ohio-7009, at ¶7; *State v. Ward,* 168 Ohio App.3d 701, 2006-Ohio-4847, 861 N.E.2d 823, at ¶41.  However, Judges Harsha and Abele have often dissented from the application of the ripeness doctrine to situations related to R.C. 2947.23(A)(1).  See, e.g., *State v. Moore,* Gallia App. No. 09CA2*,* 2009-Ohio-5732, at ¶8 (Harsha, J., dissenting); *Welch,* at ¶16 (Harsha, J., dissenting); *Slonaker,* at ¶9 (Harsha, J., dissenting); State v. *Knauff,* Adams App. No. 09CA881, 2009-Ohio-5535, at ¶¶7-8 (Abele, J., dissenting); *State v. Bryant,* Scioto App. No. 08CA3258*,* 2009-Ohio-5295, at ¶13-14 (Abele, J., dissenting).

{¶5}    In *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838, a per curiam opinion in which Judges Harsha and Abele comprised the majority of the panel, this court concluded the issue was ripe, vacated the portion of the entry that imposed court costs, and remanded the case to the trial court for resentencing.  Judge Harsha and Abele also comprise the majority panel in the decision today and conclude that this sentencing error is ripe for appellate review.

{¶6}    As already noted, the state concedes that error occurred in the court's imposition of court costs. The state, however, requests a different remedy than merely vacating the portion of the sentencing entry relating to court costs and remanding for a

new sentencing hearing. Instead, the state urges us to modify the sentencing entry ourselves and impose no court costs. The state explains that Dismukes is out of prison and is currently residing in the Detroit, Michigan area. The state asserts that it would be a waste of judicial resources to hold a new hearing simply for the imposition of court costs, which it believes it would be unlikely to recoup from Dismukes in any case. The state also believes it would be a hardship for Dismukes to have to travel from Michigan to Washington County for a remand hearing and could result in a bench warrant if he fails to appear.

{¶7}   Upon finding a sentence clearly and convincingly contrary to law, R.C. 2953.08(G)(2) permits us to increase, reduce, or otherwise modify the sentence. *State v. Brooks*, 163 Ohio App.3d 241, 2005-Ohio-4728, 837 N.E.2d 241, at ¶9. Because the state has requested a remedy that is beneficial to Dismukes and we perceive no reason he would object, we choose to modify the sentence in the interest of judicial economy.

{¶8}   Accordingly, we hold that the imposition of court costs in this case was clearly and convincingly contrary to law for the reasons set forth more fully in *Moss*, supra. Under the authority granted us by R.C. 2953.08(G)(2)(b), we modify Dismukes' sentence to delete the imposition of court costs. And we remand the matter to the trial court with instructions to journalize an amended sentencing entry that retains all the provisions of the October 7, 2010 entry except for the imposition of court costs.

{¶9}   Having sustained Dismukes' first assignment of error, his second and third assignments of error are moot and we decline to address them. See App.R.12(A)(1)(c).

SENTENCE MODIFIED;
JUDGMENT REVERSED
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND THE CAUSE IS REMANDED and the SENTENCE IS MODIFIED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Dissents.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**