[Cite as *State v. Hawk* , 2011-Ohio-4577.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA50 |
| | : | |
| vs. | : | **Released: August 29, 2011** |
| | : | |
| GARY W. HAWK, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Sarah G. LoPresti, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

C. David Warren, Athens County Prosecuting Attorney, and George J. Reitmeier, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from an Athens County Court of Common Pleas judgment entry, issued after holding a re-sentencing hearing in order to properly impose a mandatory five-year term of post release control. On appeal, Appellant contends that the trial court erred by imposing courts costs without notifying him that failure to pay court costs may result in the court's ordering him to perform community service.

{¶2} We conclude that, to the extent the re-sentencing entry imposed court costs related to the re-sentencing hearing, rather than simply reiterating the costs imposed at the original sentencing hearing, the trial court erred in failing to provide Appellant the notice regarding community service required by R.C. 2947.23. Thus, Appellant's sole assignment of error is sustained. As such, we must vacate the portion of the entry that imposes court costs and remand this case for re-sentencing as to the issue of court costs.

{¶3} Further, in light of the recent Supreme Court holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, on remand, in issuing its amended sentencing entry, we instruct the trial court to 1) delete any reference to a "de novo" sentencing hearing; 2) mirror the original sentencing entry with the exception of the original, improper post release control notifications; and 3) add the proper the provisions for the imposition any new order to pay court costs, as well as the notifications regarding community service required by R.C. 2947.23.

FACTS

{¶4} After pleading guilty to one count of rape, in violation of R.C. 2907.02(A)(1)(b), and one count of rape in violation of R.C. 2907.02(A)(2), both first degree felonies, Appellant's original sentencing hearing was held on January 3, 2001. On January 16, 2001, the trial court issued a judgment

entry sentencing Appellant to 1) "an indeterminent [sic] sentence of a minimum of eight (8) years to a maximum of twenty-five (25) years" in count one; 2) six years on count two, to be served consecutively to the sentence on count one; and ordered Appellant to pay court costs. Although the trial court mentioned in its sentencing entry that violation of post release control may result in Appellant being returned to prison, it did not impose a specific term of post release control.

{¶5} On June 4, 2010, Appellant filed a "Motion for Re-sentencing Pursuant to 'Singleton' Mandate." Although the trial court originally denied Appellant's motion, after Appellant filed a motion for reconsideration, the trial court scheduled a hearing to re-sentence Appellant on October 22, 2010. At the hearing, which the court characterized as a "*De Novo* sentencing hearing," the trial court imposed the same sentence that was originally imposed on Appellant, but this time it notified him that post release control was mandatory for a period of five years. The trial court's October 26, 2010, judgment entry also properly imposed a mandatory five year term of post release control. At issue in the present case, the transcript from the sentencing hearing includes the following statement by the trial court regarding court costs: "[t]he Court did not impose any fine but it did order payment of court costs, and that is ordered at this de novo hearing."

{¶6} It is from the judgment entry issued after re-sentencing that Appellant now brings his timely appeal, assigning a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED BY IMPOSING COSTS WITHOUT NOTIFYING MR. HAWK THAT FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE."

LEGAL ANALYSIS

{¶7} In his first assignment of error, Appellant contends that the trial court erred by imposing costs without notifying him that the failure to pay court costs may result in the court's ordering him to perform community service. The State concedes this error by the trial court and contends that the portion of the re-sentencing entry ordering court costs must be vacated and remanded for sentencing, relying on this Court's prior reasoning in *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838.

{¶8} Before addressing the merits of Appellant's assignment of error, we initially note that it is not entirely clear to us whether the trial court was simply noting that it had imposed court costs during Appellant's 2001 sentencing hearing and was merely re-imposing those same costs during the "de novo" hearing, or whether the trial court was imposing additional court costs related to the "de novo" sentencing hearing. If the trial court was

simply referencing the fact that Appellant was originally sentenced to pay court costs, then we find no error in the trial court's failure to provide R.C. 2947.23's community service notification. Our reasoning is based on the fact that the version of R.C. 2947.23 that was in effect at Appellant's original sentencing hearing on January 3, 2001, did not contain such a requirement.[1]

{¶9} However, if the trial court did, in fact, impose additional costs upon Appellant in connection with its "de novo" sentencing hearing, we must employ a different analysis.[2] By arguing that the trial court failed to provide certain statutorily mandated notifications at the time of sentencing, Appellant is essentially arguing that his sentence was contrary to law. Our review of a trial court's felony sentence involves two steps. See *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; see also *State v. Moman*, Adams App. No. 08CA876, 2009-Ohio-2510 at ¶ 6 (involving a community-control violation). First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly

---

[1] The version of R.C. 2947.23 in effect in 2001 had an effective date of October 1, 1953.

[2] More likely than not, the trial court did impose additional costs at the "de novo" sentencing hearing as the docket indicates that a cost bill was issued of Appellant, after the re-sentencing hearing, in the amount of $260.20.

contrary to law." *Kalish* at ¶ 4. If this first prong is satisfied, we then review

the trial court's decision under an abuse-of-discretion standard. Id.

{¶10} R.C. 2947.23(A)(1) provides as follows:

"In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount." (Emphasis added.)

{¶11} In *State v. Moss*, we departed from our previous line of cases

holding that questions related to a trial court's failure to provide defendants

with R.C. 2947.23 community service notifications were not ripe for review,

and instead held that such issues were ripe for review. *Moss* at ¶ 19-20. In

changing course on the ripeness question, we reasoned that "[s]uch a

notification is mandatory; it is not a matter of discretion. Therefore, under

the first prong of the *Kalish* test, we find that this part of the sentence is

clearly and convincingly contrary to law." Thus, in accordance with our reasoning in *Moss*, Appellant is entitled to be re-sentenced in order for the trial court to provide him with R.C. 2947.23's required notice that his failure to pay court costs may result in the trial court's ordering him to perform community service. Accordingly, we vacate the portion of the re-sentencing entry that imposes court costs and remand this case to the trial court for re-sentencing as to the issue of court costs. *State v. Moss* at ¶ 22.

{¶12} We also take this opportunity to address the format of the remand hearing that we have ordered. In *State v. Fischer*, supra, at paragraphs one and two of the syllabus, the Court held that a sentence that does not include the statutorily mandated term of post release control is void and that the new sentencing hearing to which an offender is entitled under *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, is limited to the proper imposition of post release control. In further explaining its holding, the *Fischer* Court stated that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence that is void and must be set aside. Neither the Constitution nor common sense commands anything more." *Fischer* at ¶ 26.

{¶13} Appellant was re-sentenced before *Fischer* was decided, and thus was re-sentenced in accordance with *State v. Singleton*, supra, which

required a de novo re-sentencing hearing.  However, after *Fischer*, it is clear that a trial court need not conduct a "de novo" sentencing hearing, and instead must simply re-sentence an appellant by reimposing the original sentence, and by adding the proper post release control notification.  As such, and as indicated above, during remand on the issue of court costs, we instruct the trial court to 1) delete any reference to a "de novo" sentencing hearing; 2) mirror the original sentencing entry with the exception of the original, improper post release control notifications; and 3) add the proper the provisions for the imposition any new order to pay court costs, as well as the notifications regarding community service required by R.C. 2947.23.

**SENTENCE VACATED AND
CAUSE REMANDED.**

Kline, J. dissenting.

{¶14} I respectfully dissent because I conclude that Hawk's assignment of error is not ripe for review.  I acknowledge that R.C. 2947.23 makes it mandatory for the judge to inform a defendant that he could be ordered to perform community service.  At this time, however, Hawk has not suffered any prejudice from the trial court's failure to inform him that it may, in the future, require him to perform community service to fulfill his

obligation to pay costs.  Thus, I would hold that the Hawk's sole assignment of error is not ripe for review.

{¶15} Accordingly, I would adhere to our recent decisions in *State v. Knauff*, Adams App. No. 09CA881, 2009-Ohio-5535, at ¶4-5*, State v. Welch*, Washington App. No. 08CA29, 2009-Ohio-2655, at ¶14 (McFarland, J.), *State v. Bryant*, Scioto App. No. 08CA3258, 2009-Ohio-5295, at ¶11, and *State v. Slonaker*, Washington App. No. 08CA21, 2008-Ohio-7009, at ¶7 (McFarland, J.).  See, also, *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, at ¶34 (Kline, J., dissenting); *State v. Kearse*, Shelby App. No. 17-08-29, 2009-Ohio-4111, at ¶12-15 (noting the disagreement within the Fourth District and applying the ripeness doctrine).

## <u>JUDGMENT ENTRY</u>

It is ordered that the SENTENCE BE VACATED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Exceptions.

Harsha, P.J.: Concurs in Judgment and Opinion.

Kline, J.: Dissents with Dissenting Opinion.

For the Court,


BY: _____

Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**