[Cite as *State v. Haught*, 2011-Ohio-4767.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | |
|---|---|
| STATE OF OHIO, | : |
| | : |
| Plaintiff-Appellee, | : Case No. 10CA34 |
| | : |
| vs. | : **Decision Released: Sept. 2, 2011** |
| | : |
| LARRY D. HAUGHT, JR., | : <u>DECISION AND JUDGMENT</u> |
| | : <u>ENTRY</u> |
| Defendant-Appellant. | : |

_____

<u>APPEARANCES:</u>

John A. Bay, Bay Law Office, L.L.C., Columbus, Ohio, for Appellant.

Roland W. Riggs, III, Marietta City Law Director, and Mark C. Sleeper, Marietta City Assistant Law Director, Marietta, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a Marietta Municipal Court entry, convicting Appellant of driving under OVI suspension in violation of R.C. 4510.14, and sentencing him to sixty days in jail, as well as fines, costs and a ten day license suspension. On appeal, Appellant contends that 1) the trial court erred by imposing court costs without notifying him that his failure to pay such costs may result in the court's ordering him to perform community service; 2) trial counsel was constitutionally ineffective for failing to object to the trial court's imposition of court costs, as the trial court did not notify

him that his failure to pay court costs may result in the court's ordering him to perform community service; and 3) the trial court committed plain error and denied him due process of law when it imposed court costs without the proper notification that his failure to pay court costs may result in the court's ordering him to perform community service.

{¶2} We conclude that the trial court erred in failing to provide Appellant the notice regarding community service required by R.C. 2947.23. Thus, Appellant's first assignment of error is sustained.  As such, we must vacate the portion of the entry that imposes court costs and remand this case for re-sentencing as to the issue of court costs.

{¶3} Further, in light of our disposition of Appellant's first assignment of error, the issues raised under Appellant's second and third assignments of error have been rendered moot and we decline to address them pursuant to App.R. 12(A)(1)(c).

FACTS

{¶4} After a jury found him guilty of driving under OVI suspension in violation of  R.C. 4510.14, on October 7, 2010, Appellant was sentenced to sixty days in jail, as well as fines, costs and a ten day license suspension. Appellant's sentence was stayed pending appeal.  A review of the transcript reveals that although the trial court ordered Appellant to pay costs, it did not

advise him that he could be ordered to perform community service in the

event he fails to pay costs, as required by R.C. 2947.23.  Appellant now

brings his timely appeal, assigning the following assignments of error for

our review.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED BY IMPOSING COURTS COSTS
        WITHOUT NOTIFYING MR. HAUGHT THAT HIS FAILURE TO
        PAY SUCH COSTS MAY RESULT IN THE COURT'S
        ORDERING HIM TO PERFORM COMMUNITY SERVICE.

II.     TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN
        VIOLATION OF THE SIXTH AND FOURTEENTH
        AMENDMENTS TO THE UNITED STATES CONSTITUTION
        AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION,
        FOR FAILING TO OBJECT TO THE TRIAL COURT'S
        IMPOSITION OF COURT COSTS, AS THE TRIAL COURT DID
        NOT NOTIFY MR. HAUGHT THAT HIS FAILURE TO PAY
        COURT COSTS MAY RESULT IN THE COURT ORDERING HIM
        TO PERFORM COMMUNITY SERVICE.

III.    THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED
        MR. HAUGHT DUE PROCESS OF LAW WHEN IT IMPOSED
        COURT COSTS WITHOUT THE PROPER NOTIFICATION THAT
        HIS FAILURE TO PAY COURT COSTS MAY RESULT IN THE
        COURT ORDERING HIM TO PERFORM COMMUNITY
        SERVICE."

ASSIGNMENT OF ERROR I

{¶5} In his first assignment of error, Appellant contends that the trial

court erred by imposing costs without notifying him that the failure to pay

court costs may result in the court's ordering him to perform community

service.  The State concedes this error by the trial court, but contends that

the error is not ripe for review.

{¶6} R.C. 2947.23(A)(1) provides as follows:

"In all criminal cases, including violations of ordinances, the judge or
magistrate shall include in the sentence the costs of prosecution, including
any costs under section 2947.231 of the Revised Code, and render a
judgment against the defendant for such costs. At the time the judge or
magistrate imposes sentence, the judge or magistrate shall notify the
defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make
payments towards that judgment under a payment schedule approved by the
court, the court may order the defendant to perform community service in an
amount of not more than forty hours per month until the judgment is paid or
until the court is satisfied that the defendant is in compliance with the
approved payment schedule.

(b) If the court orders the defendant to perform the community service, the
defendant will receive credit upon the judgment at the specified hourly credit
rate per hour of community service performed, and each hour of community
service performed will reduce the judgment by that amount." (Emphasis
added.)

{¶7} In *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930

N.E.2d 838, we departed from our previous line of cases holding that

questions related to a trial court's failure to provide defendants with R.C.

2947.23 community service notifications were not ripe for review, and

instead held that such issues were ripe for review.  In changing course on the

ripeness question, we reasoned that "[s]uch a notification is mandatory; it is

not a matter of discretion, and, as such, we concluded that the trial court's

imposition of costs without providing the notifications required by R.C. 2947.23(A)(1)(a) and (b) was clearly and convincingly contrary to law. *Moss* at ¶ 21. As in *Moss*, we conclude that the trial court's imposition of costs without providing Appellant the necessary notifications contained in R.C. 2947.23(A)(1)(a) and (b) was contrary to law.

{¶7} Based upon the foregoing, Appellant is entitled to be re-sentenced in order for the trial court to provide him with R.C. 2947.23's required notice that his failure to pay court costs may result in the trial court's ordering him to perform community service. *Moss* at ¶ 22; relying on, *State v. Burns*, Gallia App. No. 08CA1, 08CA2, 08CA3, 2009-Ohio-878; *State v. Dansby*, Tuscarawas App. No. 08AP060047, 2009-Ohio-2975 at ¶ 21-23; see also, *State v. Cardamone*, Cuyahoga App. No. 94405, 2011-Ohio-818 at ¶ 13-14.

{¶8} Thus, in accordance with our reasoning in *Moss*, as well as the reasoning in *Dansby* and *Cardamone*, supra, we vacate the portion of the sentencing entry that imposes court costs and remand this case to the trial court for re-sentencing as to the issue of court costs. *Moss* at ¶ 22.

ASSIGNMENTS OF ERROR II AND III

{¶9} In his second assignment of error, Appellant contends that he received ineffective assistance of counsel related to his counsel's failure to

object to the imposition of costs when the trial court failed to provide the proper notifications regarding community service required by R.C. 2947.23(A)(1)(a) and (b).  Appellant further contends that the trial court committed plain error when it imposed costs without providing these notifications.

{¶10} In *State v. Burns*, this Court was presented with an ineffective assistance of counsel argument based upon facts essentially the same as the facts sub judice.  *State v. Burns*, Gallia App. No. 08CA2-3, 2009-Ohio-878. In *Burns*, after deciding that the trial court had indeed erred in failing to provide the notifications required by R.C. 2947.23(A)(1)(a) and (b), we determined that the ineffective assistance of counsel argument raised by the appellant was moot and thus declined to address it in accordance with App.R. 12(A)(1)(c).  *Burns* at ¶ 13.  Based upon the same reasoning as set forth in *Burns*, we conclude that the issues raised under Appellant's second and third assignments of error have been rendered moot.  As a result, we decline to address them.

{¶11} Accordingly, having sustained Appellant's first assignment of error, the trial court's imposition of costs is vacated and the matter is remanded to the trial court for a limited re-sentencing consistent with this opinion, with respect to the issue of costs.

**SENTENCE VACATED IN PART
AND THE CAUSE REMANDED.**

Kline, J.  dissenting.

{¶12} I respectfully dissent because I conclude that assignment of error one is not ripe for review.  I acknowledge that R.C. 2947.23 makes it mandatory for the trial court to inform a defendant that he could be ordered to perform community service.  At this time, however, the defendant has not suffered any prejudice from the trial court's failure to inform him that it may, in the future, require him to perform community service to fulfill his obligation to pay costs.  Thus, I would hold that assignment of error one is not ripe for review.

{¶13} Accordingly, I would adhere to our recent decisions in *State v. Knauff*, Adams App. No. 09CA881, 2009-Ohio-5535, at ¶4-5, State v. Welch, Washington App. No. 08CA29, 2009-Ohio-2655, at ¶14 (McFarland, J.), *State v. Bryant*, Scioto App. No. 08CA3258, 2009-Ohio-5295, at ¶11, and *State v. Slonaker*, Washington App. No. 08CA21, 2008-Ohio-7009, at ¶7 (McFarland, J.). See, also, *State v. Moss*, 186 Ohio App. 3d 787, 2010-Ohio-1135, at ¶34 (Kline, J., dissenting); *State v. Kearse*, Shelby App. No. 17-08-29, 2009-Ohio-4111, at ¶12-15(noting the disagreement within the Fourth District and applying the ripeness doctrine).

## **JUDGMENT ENTRY**

It is ordered that the SENTENCE BE VACATED IN PART AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Exceptions.

Harsha, P.J.: Concurs in Judgment and Opinion.

Kline, J.: Dissents with Dissenting Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**