[Cite as *State v. Pearson*, 2011-Ohio-5910.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                :       Case No.   10CA17

    vs.                                       :

DONALD SCOTT PEARSON,                :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.          :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:       Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Ohio Public Defender, 250 East Broad Street, Ste. 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:         James B. Grandey, Highland County Prosecuting Attorney, and Anneka P. Collins, Highland County Assistant Prosecuting Attorney, 112 Governor Foraker Place, Hillsboro, Ohio 45133

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-9-11

ABELE, J.

{¶ 1}   This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence.   A jury found Donald Scott Pearson, defendant below and appellant herein, guilty of trafficking drugs (crack-cocaine) in violation of R.C. 2925.03(A)(1).

{¶ 2}   Appellant assigns the following error for review:

"THE TRIAL COURT ERRED BY IMPOSING COURT COSTS
WITHOUT NOTIFYING MY. PEARSON THAT FAILURE TO

PAY THOSE COSTS MAY RESULT IN THE COURT'S
ORDERING HIM TO PERFORM COMMUNITY SERVICE."

**{¶ 3}** On August 19, 2009, the Highland County Grand Jury returned an indictment that charged appellant with possession and trafficking of crack-cocaine. After the jury found appellant guilty of both counts, the trial court sentenced appellant to serve twelve months in prison. The court also ordered appellant, inter alia, to pay court costs. This appeal followed.[1]

**{¶ 4}** Appellant asserts in his assignment of error that the trial court, while sentencing him, failed to inform him that he could be required to perform community service if he does not pay court costs.

**{¶ 5}** Generally, the review of a trial court's criminal sentence involves two steps. State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; see also State v. Moman, Adams App. No. 08CA876, 2009-Ohio- 2510, at ¶6. First, an appellate court must look to see whether the trial court complied with all applicable rules and statutes. Kalish, supra at ¶4. If it did, the court's decision will be reviewed for an abuse of discretion. Id.

**{¶ 6}** In the case sub judice, we agree with appellant that his sentence does not satisfy the first step articulated in Kalish.

**{¶ 7}** R.C. 2947.23(A)(1) requires trial courts to render judgment against criminal defendants for court costs. Courts are also required to inform defendants that if they fail to pay costs, the court may order them to perform community service as a means to work-off that debt. Id. at (a). Our review of the transcript confirms appellant's contention that he received no such

---

[1] Appellant did not file his notice of appeal until December 1, 2010, which was out of rule. On January 13, 2011, this Court granted appellant leave to file a delayed appeal.

information.

{¶ 8}   The prosecution does not contest that appellant did not receive the requisite

information, but argues, instead, that the issue is not yet "ripe" for adjudication because appellant

has not been ordered to perform community service and, thus, has suffered no prejudice.   We

concede that case law does support that argument, both from this district and others around Ohio.

See e.g. State v. Bryant, Scioto App. No. 08CA3258, 2009-Ohio-5295, at ¶11; State v. Kearse,

Shelby App. No. 17-08-29, 2009-Ohio-4111, at ¶15.   However, two judges on the panel of this

case (Judges Harsha and Abele) have rejected the application of the ripeness doctrine in this

context. See e.g. State v. Moss, 186 Ohio App.3d 787, 930 N.E.2d 838, 2010–Ohio–1135, at

¶¶19&20; State v. Dismukes, Washington App. No. 10CA35., 2011-Ohio-2193, at ¶¶4&8, and

we continue to adhere to that position in this case.

{¶ 9}   Accordingly, based upon the foregoing reasons, we sustain appellant's assignment

of error and reverse the trial court's judgment to this extent and remand the matter to the trial

court for further proceedings consistent with this opinion.   The trial court may either vacate the

imposition of costs, or re-sentence appellant, whichever best serves the interests of judicial

economy in Highland County.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Kline, J., dissenting.

{¶ 10} I respectfully dissent because I conclude that Appellant's assignment of error is not ripe for review. Accordingly, I would adhere to our decisions in *State v. Knauff*, Adams App. No. 09CA881, 2009-Ohio-5535, at ¶4-5; *State v. Welch*, Washington App. No. 08CA29, 2009-Ohio-2655, at ¶14; *State v. Bryant*, Scioto App. No. 08CA3258, 2009-Ohio-5295, at ¶11; and *State v. Slonaker*, Washington App. No. 08CA21, 2008-Ohio-7009, at ¶7. See, also, *State v. Kearse*, Shelby App. No. 17-08-29, 2009-Ohio-4111, at ¶12-15 (noting the disagreement within the Fourth District and applying the ripeness doctrine); *State v. Siler*, Ashtabula App. No. 2010-A-0025, 2011-Ohio-2326, at ¶50.

{¶ 11} I also note that the Supreme Court of Ohio has certified a conflict on this issue to determine the following: "[W]hether a sentencing court's failure to inform an offender, as required by R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs of prosecution or 'court costs' presents an issue ripe for review even though the record does not show that the offender has failed to pay such costs or that the trial court has ordered the offender to perform community service as a result of failure to pay." *State v. Smith*, 129 Ohio St.3d 1426 (Table), 2011-Ohio-3740.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part and the case be remanded for further proceedings consistent with this opinion. Appellant to recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J.: Concurs in Judgment & Opinion
Kline, J.: Dissents with Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.